** E-filed January 19, 2011 **

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| BRET LAWRENCE, et al., | No. C10-02839 HRL |
|---|---|
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| MITCHEL H. CAPLAN, et al., | |
| Defendants. | **[Re: Docket No. 19]** |

**BACKGROUND**

Plaintiffs Bret and Kimberly Lawrence ("Plaintiffs") bring this action against defendants E*Trade Wholesale Lending Corporation ("E*Trade") and Mitchel H. Caplan ("Caplan") (collectively, "Defendants"). Caplan is the president and CEO of E*Trade Financial, the parent company of E*Trade Wholesale Lending Corporation.

This case involves an interest-only adjustable rate mortgage loan between Plaintiffs and E*Trade that is secured by Plaintiffs' residential property in San Ramon, California. Plaintiffs essentially allege that they entered into this loan as a result of Defendants' abusive lending tactics. They allege claims for violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq.; California Business and Professions Code § 17200; California Business and Professions Code § 17500; and for breach of the implied covenant of good faith and fair dealing. Docket No. 13 ("First Amended Complaint" or "FAC").

Defendants previously moved to dismiss Plaintiffs' original complaint. Docket No. 11. Rather than respond to Defendants' motion, Plaintiffs filed an amended complaint. See FAC. Defendants now move to dismiss the FAC. Docket No. 19. Plaintiffs did not file any opposition brief or notice of non-opposition, and neither they nor their counsel appeared at oral argument on January 18, 2011.

**DISCUSSION**

1. Plaintiffs' Civil RICO Claims

Plaintiffs claim that Defendants violated the RICO statute. FAC, ¶¶ 47-59. The RICO statute makes it illegal for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity" or to conspire to do so. 18 U.S.C. §§ 1692(c) & (d). Thus, to state a claim for a violation of this section, a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985). "Racketeering activity" is defined as a number of specific criminal acts under federal and state laws. See 18 U.S.C. § 1961(1).

Here, Plaintiffs base their RICO claim on the predicate racketeering activity of mail fraud (18 U.S.C. §§ 1341). *See* 18 U.S.C. § 1961(1)(B); FAC ¶¶ 49, 53. The elements of mail fraud consist of (1) a scheme or artifice devised with (2) the specific intent to defraud and (3) use of the United States mails in furtherance thereof. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 782 (9th Cir. 2002) (citation omitted). And since Plaintiffs' predicate crimes are based upon allegations of fraud, they must be pled with particularity. Fed. R. Civ. P. 9(b); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553–54 (9th Cir. 2006).

As Defendants' point out, Plaintiffs' civil RICO claim fails for several reasons. First, they do not sufficiently allege a pattern of racketeering activity. While they allege that Defendants' mailed their loan documents to them (FAC, ¶ 39), they do not state when this mailing occurred (or provide any other details about it), nor do they allege any other mailings. At least two instances of predicate acts are required to constitute a "pattern" of racketeering activity, and Plaintiffs only allege one. Second, Plaintiffs' allegations lack specificity. They do not explain how Defendants are

a RICO "enterprise," nor do they explain how they suffered harm to their business or property. In sum, Plaintiffs' RICO claim as it currently stands is woefully inadequate and shall be dismissed without prejudice.

2. <u>Plaintiffs' TILA Claim</u>

Plaintiffs' TILA claim is based upon Defendants' alleged failure to clearly and conspicuously disclose in the loan documents certain information, such as the interest rates, finance changes, and the overall cost of the loan, as well as more the basic information that Plaintiffs would not be able to afford the loan and that the payments would be unconscionably high and unaffordable. FAC, ¶¶ 61, 64-67. As a result, Plaintiffs seek both damages and rescission of the loan. <u>Id</u>. at ¶ 69.

A claim for damages must be brought within one year from the date of the signing of the loan documents. 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (absent evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of defendant that prevents a plaintiff from discovering its claim, the limitations period begins to run at the time the loan documents are signed). A claim for rescission must be brought within three years of the same date. 15 U.S.C. § 1635(f).

In their First Amended Complaint, Plaintiffs allege that their loan closed on December 11, 2006, and their TILA claim is based on alleged failures in relation to the loan documents. FAC. ¶¶ 9, 36, 61, 64-67. Thus, Plaintiffs needed to have filed their complaint by December 11, 2007 for damages and by December 11, 2009 for rescission. Here, Plaintiffs did not file their original complaint until June 28, 2010, so it appears that their TILA claim is time-barred, unless the limitations periods may be tolled.

"[E]quitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986). The doctrine of equitable tolling applies in situations where, despite all due diligence, the party invoking the doctrine is unable to obtain vital information bearing on the existence of the claim, or where he has been induced or tricked by his adversary's misconduct into allowing the deadline to pass.

Hensley v. United States, 531 F.3d 1052, 1057-58 (9th Cir. 2008). "The doctrine is not available to avoid the consequences of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." Id. at 1058 (citations omitted); Valdez v. America's Wholesale Lender, No. C09-02778JF, 2009 WL 5114305 *6 (N.D. Cal., Dec. 18, 2009) (holding that ignorance of the law, standing alone, was insufficient to plausibly state a basis for tolling).

Upon review of Plaintiffs' First Amended Complaint, tolling does not appear to apply. Plaintiffs' only allegations in this regard are as follows:

> Plaintiffs did not discover these misrepresentations and falsehoods until a good time after the execution of the documents. It was not until recently, in April 2010, that Plaintiffs discovered the falsehoods, when they contacted an expert in the field to conduct a forensic audit of their loan documents. It was at this point that Plaintiffs realized that not only were the loan documents in-congruent [sic] with what they believe[d], but that Plaintiffs were approved of a loan which was based on income that was grossly overstated.

FAC, ¶ 68. Plaintiffs did not allege that Defendants' conduct somehow kept them from finding out about their loan. In fact, their allegation suggests that had they read their loan documents earlier, they would have found out about any alleged inconsistencies between what they were told and what the loan documents actually stated. Thus, as it stands, Plaintiffs' TILA claim appears to be barred by the statute of limitations. But while the Court is skeptical that Plaintiffs will be able to allege tolling of the limitations periods, the Court is also hesitant to dismiss Plaintiffs' claim without giving them one more chance. As such, Plaintiffs' TILA claim shall be dismissed without prejudice.

3. Plaintiffs' State Law Claims

Plaintiffs also allege state law claims for false advertising (Cal. Bus. & Prof. Code § 17200, et seq.), unfair competition (Cal. Bus. & Prof. Code § 17500, et seq.), and breach of the implied covenant of good faith and fair dealing. Plaintiffs' federal claims provide the only basis for federal subject-matter jurisdiction. Although a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where

4

it "has dismissed all claims over which it has original jurisdiction," id. § 1367(c)(3).  Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.").  Because it is not clear that Plaintiffs can state a viable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims at this time.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is GRANTED.  Plaintiffs' civil RICO and TILA claims are dismissed without prejudice, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  Plaintiffs may file a Second Amended Complaint within 14 days from the date of this order.

**IT IS SO ORDERED.**

Dated: January 19, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-02839 HRL** Notice will be electronically mailed to:

| | |
|---|---|
| Jessica Elaine Rauff | jrauff@gmail.com |
| Kurt A. Kappes | kappesk@gtlaw.com, brownsh@gtlaw.com, saclitdock@gtlaw.com |
| Marc Bradley Koenigsberg | koenigsbergm@gtlaw.com, brownsh@gtlaw.com, SACLitDock@gtlaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**